## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1) CANAL INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. _____** |
| | ) | |
| **(1) DOC TRANSPORTATION LLC,** | ) | **JURY TRIAL DEMANDED** |
| **(2) ROJELIO LARA, and** | ) | |
| **(3) OSCAR RODRIGUEZ,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW** Canal Insurance Company, Plaintiff herein, and pursuant to 28 U.S.C. § 2201, *et seq*., does herein bring this claim against Defendants DOC Transportation LLC, Rojelio Lara and Oscar Rodriguez. for a declaratory judgment as to the rights and obligations of Canal in relation to a vehicular accident involving Lara and Rodriguez while occupying a truck owned by DOC Transportation, all as is more fully set forth herein-below, to wit:

1.       Canal is a corporation created under the laws of the State of South Carolina and having its principal place of business within that State.

2.       DOC Transportation is an Oklahoma limited liability company of which, upon present information and belief, the sole member is Danny Dill, a citizen of the State of Oklahoma.

3.       Rojelio Lara is an individual who, upon present information and belief, is a citizen of the State of Oklahoma.

4.      Oscar Rodriguez is an individual who, upon present information and belief, is a citizen of the State of Oklahoma.

5.      The declaratory judgment sought herein concerns an issue of insurance coverage for a vehicular accident in which Rodriguez claims to have suffered injuries resulting in damages in excess of $75,000.00, exclusive of interest and costs.

6.      By virtue of the diverse citizenship of the parties and the amount in controversy, this Court therefore has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

7.      The vehicular accident giving rise to this lawsuit occurred in Oklahoma County, Oklahoma, and concerns a policy of insurance which was issued to DOC Transportation in Garvin County, Oklahoma, both of which are within that territory of which the Western District of Oklahoma is comprised.

8.      Thus, pursuant to 28 U.S.C. § 1391, venue is properly laid in this Court.

9.      Canal issued a business auto policy of insurance to DOC Transportation, as named insured, with a policy term of coverage from October 13, 2023 to October 13, 2024, a true and correct copy of which is attached hereto as Exhibit 1.

10.     On November 13, 2023, during the term of the insurance policy, Lara was operating a 2011 Peterbuilt truck with VIN number 1XPHD9XXBD127316 in which Rodriguez was a passenger when a vehicular accident occurred, as is reflected in the Official Oklahoma Traffic Collision Report of the Oklahoma City Policy Department attached hereto as Exhibit 2.

2

11.     Rodriguez subsequently filed a lawsuit against DOC Transportation and Lara claiming to have suffered injuries as a result of that accident for which he seeks damages in excess of $75,000.00, exclusive of interest and costs, as evidenced by Rodriguez's state court Petition attached hereto as Exhibit 3.

12.     At the time of the vehicular accident, Rodriguez was an employee of DOC Transportation and was acting within the scope and course of his employment with that Defendant as a co-driver in the truck, and has asserted in his state court Petition that such action is brought because DOC Transportation "failed to secure compensation pursuant to the Administrative Workers Compensation Act" and citing 85A O.S. § 5(C), (I) and (J). See Exhibit 3 at ¶ 9.

13.     At the time of the vehicular accident, Lara was likewise an employee of DOC Transportation acting within the scope and course of his employment with that Defendant as the operator of the truck.

14.     The truck which Lara was operating, and in which Rodriguez was a co-driver, when the accident occurred was a covered auto under the liability coverage afforded by the subject insurance policy issued by Canal to DOC Transportation.

15.     For purposes of liability coverage, the Canal policy defined insureds as including DOC Transportation as the named insured and anyone else operating the covered auto with the permission of DOC Transportation, and thus Lara was an insured under the policy in operating the vehicle in the course and scope of his employment with DOC Transportation when the accident occurred.

3

16.     The Canal policy defined the term "employee" as meaning "Any individual who in the course of his or her employment or contractual duties on behalf of any insured directly affects commercial motor vehicle safety" and specifically including "a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle), co-driver (including an independent contractor), a mechanic, and a freight handler" and further specified that such term included leased workers and temporary workers.

17.     The exclusions within the policy included that the insurance afforded by the policy did not apply to bodily injury to an employee of the insured arising out of and in the course of employment by the insured or the performance of duties related to the conduct of the insured's business.

18.     As a result of this exclusion, no coverage is afforded to DOC Transportation for the claim of Rodriguez that he suffered bodily injury as a result of the vehicular accident since it occurred while in the course of his employment by and the performance of his duties for DOC Transportation.

19.     The exclusions within the policy also included that the insurance afforded by the policy did not apply to bodily injury to any fellow employee of the insured arising out of the course of the fellow employee's employment or while performing duties related to the conduct of the named insured's business.

20.     Since Lara was operating the truck with the permission of DOC Transportation, and thus constituted an insured under the terms of the policy, no coverage

is afforded to Lara for the claim of Rodriguez that he suffered bodily injury due to the fault of Lara, as his fellow employee, as a result of the vehicular accident.

21.     The state court Petition further alleges that Rodriguez seeks the recovery of punitive damages, but the Canal policy includes an exclusion from coverage for any such damages.

22.     The Canal policy does include an MCS-90 endorsement, but by its terms such endorsement does not apply to injury "of the insured's employees while engaged in the course of their employment . . . ."

23.     For the foregoing reasons, no coverage is afforded to DOC Transportation or Lara for the claims brought against them by Rodriguez, by reason of which Canal owes neither a duty to defend nor indemnify them from Rodriguez's claims.

24.     Likewise, Rodriguez, as a contingent beneficiary under the policy, is not entitled to any recovery thereunder in the event that he obtains a judgment against either DOC Transportation or Lara, or both.

25.     An actual and present controversy exists as between Canal and the Defendants as to the rights and obligations of Canal under the subject insurance policy, by reason of which Canal seeks the judgment of this Court declaring that it owes no defense to DOC Transportation and Lara, as its insureds, and no obligation of indemnity in the event that either or both are found liable in relation to the claims of Rodriguez.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Canal Insurance Company does herein pray for judgment against Defendants DOC Transportation LLC, Rojelio Lara and Oscar Rodriguez declaring that no coverage is afforded by the subject

5

insurance policy in relation to the claims of Defendant Oscar Rodriguez against Defendants

DOC Transportation LLC and Rojelio Lara as a result of the subject vehicular accident,

and that Plaintiff Canal Insurance Company therefore has no duty to defend Defendants

DOC Transportation LLC and Rojelio Lara against those claims of Defendant Oscar

Rodriguez, and for such other and further relief as this Court may deem just and equitable

in the premises.

Respectfully submitted,

*s/ Phil R. Richards*
Phil R. Richards, OBA # 10457
Kirsten Pfeiffer, OBA # 35711
MCAFEE & TAFT
Williams Center Tower II
2 West 2nd Street
Tulsa, Oklahoma  74103
Telephone:  (918) 587-0000
Facsimile:  (918) 599-9317
Email: phil.richards@mcafeetaft.com
        kristen.pfeiffer@mcafeetaft.com

**ATTORNEYS FOR PLAINTIFF
CANAL INSURANCE COMPANY**